Abraham J. Gellinoff, J.
Motions Nos. 10, 20 and 25 of March 1, 1977 are consolidated.
This is an action brought by plaintiff, a shareholder in defendant Kennecott Copper Corporation, against Kennecott and its board of directors, assertedly on her own behalf and on behalf of all other shareholders. She seeks to compel defendants to distribute the proceeds of a sale of a subsidiary directly to the shareholders, and demands compensatory and punitive damages, costs and counsel fees. Defendants move for summary judgment dismissing the complaint.
Kennecott is a major copper mining and smelting company. In 1968, it purchased Peabody Coal Company. It paid some $600,000,000 for Peabody’s assets, and has since made capital investments in Peabody totaling approximately $530,000,000. Almost from the time of the acquisition, the Federal Trade Commission conducted an investigation that ultimately resulted in an order directing Kennecott to divest itself of its interest in Peabody. That order was confirmed by the United States Court of Appeals, Kennocott Copper Corp. v Federal Trade Comm., 467 F2d 67) and the Supreme Court has denied certiorari (416 US 909).
Even before the order of divestiture became final, Kennecott management began a program to determine the most economically feasible form of divestiture. The choices appear to have been to either "spin-off” the shares of Peabody by issuing them to Kennecott shareholders, or to sell Peabody. Management has determined to sell the shares of Peabody to a *335 consortium headed by the Newmont Mining Corporation, with certain of Peabody’s assets being sold directly to Dampier Mining Company, for a total purchase price of approximately $1,200,000,000. Management has neither sought nor received shareholder approval of this proposed sale. It may not complete the sale without the approval of the Federal Trade Commission, before which an application for approval is now pending.
In her complaint, and in her papers submitted on this motion, plaintiff contends that management has acted improperly in that, pursuant to section 909 of the Business Corporation Law, the contemplated transaction is invalid without prior shareholder approval. Moreover, she contends that any use of the proceeds of the contemplated sale other than a distribution to Kennecott’s shareholders constitutes corporate waste, and is motivated solely by management’s desire to maintain a high level of assets in Kennecott for its own benefit and prestige.
Section 909 of the Business Corporation Law provides, in pertinent part, that: "(a) A sale, lease, exchange or other disposition of all or substantially all the assets of a corporation, if not made in the usual or regular course of the business actually conducted by such corporation, shall be authorized only in accordance with the following procedure: (1) The board shall authorize the proposed sale, lease, exchange or other disposition and direct its submission to a vote of shareholders. (2) Notice of meeting shall be given to each shareholder of record, whether or not entitled to vote. (3) The shareholders shall approve such sale, lease, exchange or other disposition and may fix, or may authorize the board to fix, any of the terms and conditions thereof and the consideration to be received by the corporation therefor, which may consist in whole or in part of cash or other property, real or personal, including shares, bonds or other securities of any other domestic or foreign corporation or corporations, by a vote at a meeting of shareholders of the holders of two-thirds of all outstanding shares entitled to vote thereon.” Defendants assert that section 909 is inapplicable to the facts of this case, since its interest in Peabody does not constitute "all or substantially all” of Kennecott’s assets.
Plaintiff attempts to support her position that Peabody constitutes "all or substantially all” of Kennecott’s assets principally with the novel theory that because the Peabody *336 operations were Kennecott’s only profitable operations during the past two years, the Peabody assets constitute Kennecott’s sole income producing assets, and that only income producing assets may truly be deemed assets. The problem with this construction is twofold. First, no judicial determination and no authority other than plaintiffs own retained expert have subscribed to the theory that only income-producing assets may be deemed assets. Kennecott’s total assets, excluding Peabody, equal more than $1,000,000,000. This court is not prepared to hold that those assets have no value simply because they have not produced a net profit during the past two years. Moreover, the conclusion that the remaining assets of Kennecott are not income producing is not accurate, for during the nine years that Kennecott has owned Peabody, Peabody profits have accounted for but one third of Kennecott’s total net revenues.
Finally, plaintiff contends that section 909 applies so long as the asset to be sold constitutes an "integral part” of the total business. But the decisions relied upon by plaintiff for that proposition were based on an interpretation of the predecessor statute to section 909. That statute specifically required shareholder approval as a condition for the sale of "an integral part” of a corporation "essential to the conduct of the business of the corporation” (Stock Corporation Law, § 20, as amd by L 1954, ch 810). No such requirement exists in section 909; the "integral part” formulation has been expressly deleted.
From the undisputable documentary evidence produced, the court finds that Peabody does not constitute "all or substantially all” of Kennecott’s assets. Shareholder approval of the sale of Peabody pursuant to section 909 is therefore not necessary.
Defendants having acted properly in determining the sale of Peabody without resort to shareholder approval, the remainder of the allegations of the complaint are inadequate to sustain a claim for relief. First, the wholly conclusory allegations of managerial motives are insufficient. Plaintiff does not assert that defendants are directly profiting from the sale of Peabody. Indeed, the complaint does not challenge the sale itself, but, rather, the use to which the proceeds shall be put. The speculation that defendant board’s prestige and remuneration will be higher the higher Kennecott’s total assets, without evidentiary support, is insufficient to survive this motion (see Greenbaum v American Metal Climax, 27 AD2d 225, 232), *337 as is the unsupported claim that reinvestment of the proceeds of the sale into the corporation constitutes corporate waste. Moreover, any complaint with respect to the use of the proceeds of sale is premature. The sale has not been consummated; indeed, it has not been approved by the Federal Trade Commission. And, according to defendants, no determination has as yet been made as to the use of the proceeds.
Accordingly, the court concludes that defendants are entitled to summary judgment dismissing the complaint. In light of this determination, the motions consolidated herewith to declare this a class action and to stay or limit discovery are rendered academic and denied as moot.